NOT FOR PUBLICATION                              (Docket Nos. 22, 28)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                   :
FRANCIS DIVITO,                    :
                                   :
            Plaintiff,             :   Civil No. 05-0438(RBK)
                                   :
      v.                           :   **OPINION**
                                   :
C.M.S. DEPARTMENT, et al.,         :
                                   :
            Defendants.            :
_____:


**KUGLER**, United States District Judge:

    This matter comes before the Court upon separate motions to dismiss the Complaint of Plaintiff Francis Divito ("Plaintiff") by Defendant Correctional Medical Services, Inc., improperly captioned as "C.M.S. Department" ("C.M.S. Services"), and Defendant St. Francis Medical Center, improperly captioned as "St. Francis Hospital" ("St. Francis," collectively "Defendants"). Defendants' motions are unopposed. For the reasons set forth below, Defendants' motions will be granted.

**I.  Background**

    Plaintiff, an inmate at Southwoods State Prison, filed a Complaint, an application to proceed in forma pauperis ("IFP"), and a motion for pro bono counsel on January 24, 2005. Plaintiff alleges that Defendants failed to provide necessary medical

treatment for a back injury. On January 31, 2005, this Court granted Plaintiff's IFP application and denied his request for pro bono counsel as premature. Plaintiff again moved for pro bono counsel on February 17, 2005, and the Honorable Magistrate Judge Ann Marie Donio denied his request without prejudice on February 22, 2005.

St. Francis and C.M.S. Services served requests for discovery and interrogatories on Plaintiff on April 20, 2005, and April 27, 2005, respectively. On April 24, 2005, Plaintiff responded to St. Francis with a letter stating, "I am not going to fill [the interrogatories] out because I am waiting for the courts to apoint [sic] me an attorney because I don't know anything about the law." (St. Francis. Mot. Dismiss, Nov. 22, 2005, Ex. B.) Plaintiff provided C.M.S. Services with a similar letter on May 1, 2005.

C.M.S. Services informed Plaintiff that it was nevertheless requesting responses to its interrogatories by May 29, 2005. When Plaintiff did not produce answers by August 11, 2005, Judge Donio ordered Plaintiff to serve his "responses, answers and objections to initial written discovery requests no later than September 1, 2005." (Court Order, Aug. 11, 2005.)

After Plaintiff did not comply with Judge Donio's August 11 Order, C.M.S. Services moved to dismiss on October 7, 2005. By Order of October 26, 2005, Judge Donio denied the motion, but

ordered Plaintiff to respond to C.M.S. Service's discovery requests by November 28, 2005. The Court noted further that "in the event Plaintiff fails to produce answers to Defendant's interrogatories, Defendant shall be permitted to renew [its] motion for sanctions," including dismissal pursuant to <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). (Court Order, Oct. 26, 2005.)

On November 22, 2005, St. Francis moved to dismiss for failure to answer interrogatories or to file an affidavit of merit. Judge Donio denied the motion on December 20, 2005,[1] ordering Plaintiff to respond to interrogatories by January 20, 2006, or St. Francis "shall be permitted to renew its motion for sanctions." (Court Order, Dec. 20, 2005.)

Plaintiff submitted no response to Defendants' interrogatories by the prescribed deadlines. C.M.S. Services subsequently moved to dismiss for failure to answer interrogatories and failure to prosecute on December 6, 2005, and St. Francis Hospital moved to dismiss for failure to answer interrogatories and failure to provide an affidavit of merit on February 9, 2006.[2] Any opposition to these motions was due by

---

[1] The December 20, 2005, Order addressed only Plaintiff's failure to respond to interrogatories. To the extent that St. Francis' motion to dismiss for lack of an affidavit of merit remains outstanding, the motion shall be denied as moot.

[2] Because this case will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), the

March 3, 2006, but Plaintiff has responded to neither Defendants' motions nor Defendants' interrogatories.

**II.  Analysis**

Federal Rule of Civil Procedure ("Rule") 41(b) permits defendants to move for dismissal "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). In addressing a motion to dismiss for failure to prosecute, courts in the Third Circuit are typically obligated to evaluate the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). However, where a plaintiff shows no indication that she "does not desire to abandon her case," or "willfully refuse[s] to prosecute," a district court may dismiss without a detailed evaluation of the Poulis factors. Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994); Sebrell ex rel. Sebrell v. Philadelphia Police Dept., 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) ("[W]hen a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.") (citing Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990)).

Aside from his Complaint, filed January 24, 2005, his second motion for pro bono counsel, filed February 17, 2005, and a letter to Judge Donio, filed April 22, 2005, Plaintiff has taken

---

Court will not reach St. Francis' arguments related to the affidavit of merit.

4

no actions in pursuit of his case nor made any effort to advance his claims. Moreover, Plaintiff has now failed to comply with several Court Orders, most recently Judge Donio's Orders of October 26, 2005, and December 20, 2005. Plaintiff has not opposed any of Defendants' four motions to dismiss or requested discovery from Defendants, nor has Plaintiff responded to Defendants' interrogatories. These actions indicate a willful refusal to prosecute and a desire to abandon the case. Plaintiff's refusal to respond to Court Orders and discovery requests have rendered it impossible for this Court to adjudicate or for Defendants to defend their case. Accordingly, a Poulis analysis is unnecessary in this instance.

In any event, the Poulis factors weigh in favor of dismissal. Under Poulis, the Court must evaluate:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868.

Because he is pro se, Plaintiff bears sole responsibility for his failure to comply with discovery requests, resolving the first Poulis factor in favor of dismissal. See, e.g., Clarke v. Nicholson, 153 Fed. Appx. 69, 73 (3d Cir. 2005) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's

5

error, the plaintiff here was pro se and directly responsible for her actions and inaction in the litigation.").

Consistent "refusal to comply with discovery requests and orders" may constitute sufficient prejudice to satisfy the second Poulis factor. Sunday v. U.S., 1992 WL 221322, *4 (E.D. Pa. 1992) (holding prejudice inured for failure to respond to discovery requests or provide information vital to the case). Plaintiff's failure to respond to discovery requests and otherwise cooperate "in areas where the plaintiff should cooperate under the spirit of the federal procedural rules" prejudiced Defendants by depriving them of information necessary to defend their case. Poulis, 747 F.2d at 868. Similarly, Plaintiff's history of dilatoriness is demonstrated by his consistent failure to answer any discovery, comply with Court Orders, or oppose any of several motions to dismiss. See Poulis, 747 F.2d at 868 (holding third prong satisfied because a "history by counsel of ignoring these time limits is intolerable.").

In the same vein, although Plaintiff's motives for neglecting his case are unknown, he has willfully failed to answer interrogatories or otherwise prosecute his claims in a manner indicative of bad faith. Moreover, blatant disregard of clear court orders constitutes bad faith for the purposes of the Poulis factors. See Sebrell ex rel. Sebrell v. Philadelphia Police Dept., 159 Fed. Appx. 371, 374 (3d Cir. 2005) ("[The

6

Court's] order presented [plaintiff] with the straightforward choice of completing the required forms or risking dismissal."); Sunday, 1992 WL 221322, *4 ("[P]laintiff . . . has demonstrated his bad faith by consciously deciding to ignore requests from the defendants and orders of this Court for discovery."); but see Knight v. Poritz, 157 Fed. Appx. 481, 485 (3d Cir. 2005) (holding that where Plaintiff files a motion to extend discovery date, failure to comply with court order not willful).

    Finally, alternative sanctions are unlikely to be effective, since Plaintiff is a prison inmate proceeding IFP with no attorney. See Packlaian v. C.F.G. Health Sys., 2006 WL 83104 (D.N.J. 2006) ("[The] Court is skeptical that Plaintiff has the ability to pay monetary sanctions or that the imposition of such sanctions would motivate Plaintiff to comply with the Court's order and to respond to the Defendants' discovery requests."). Plaintiff's disregard of Defendants' interrogatories and motions to dismiss renders this Court unable to ascertain the meritoriousness of his claim.

    Accordingly, Plaintiff's failure to respond to Defendants' requests for discovery, oppose Defendants' motions to dismiss, comply with Court Orders, and otherwise prosecute his case merits dismissal for failure to prosecute pursuant to Rule 41(b).

The accompanying Order shall issue today.


Dated: 3-17-06				S/Robert B. Kugler
					ROBERT B. KUGLER
					United States District Judge